# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AJB Outdoors, Inc.,<br>a Minnesota Corporation, | Civil No. 09-1599 (DWF/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM**<br>**OPINION AND ORDER** |
| Jerky Snack Brands, Inc.,<br>a Wisconsin Corporation, | |
| Defendant. | |

Thomas John Hunziker, Esq., Dunkley and Bennett, P.A, counsel for Plaintiff.

John D. Holland, Esq., Dady & Garner, PA; and Matthew J. Kramer, Esq., and Michael P. Kornak, Esq., Freeborn & Peters LLP, counsel for Defendant.

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction brought by Defendant Jerky Snack Brands, Inc. ("Jerky Snack Brands"). For the reasons stated below, the Court grants Jerky Snack Brands' motion.

# BACKGROUND

Plaintiff AJB Outdoors, Inc. ("AJB") brought this action against Jerky Snack Brands in federal court. AJB contends that the action arises of out AJB's agreement to purchase "specially ordered jerky product from [Jerky Snack Brands'] manufacturing plant located in Mankato, Minnesota." (Compl. ¶ 3.) AJB asserts causes of action for

breach of contract, damage to AJB's business reputation, and conversion and illegal mislabeling and sale of AJB's licensed product. Jerky Snack Brands now moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

In its Complaint, AJB asserts that this "action involves complete diversity of citizenship between [AJB] and [Jerky Snack Brands]" and that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Compl. ¶¶ 4, 5.) In support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), Jerky Snack Brands argues that subject matter jurisdiction is lacking because the parties are not diverse.

The "diversity of citizenship" statute requires that the civil action be between "citizens of different States." 28 U.S.C. § 1332 (a)(1). Diversity jurisdiction exists when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). *See also Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). A corporation may be a citizen of more than one state. 28 U.S.C. § 1332(c)(1). "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Id.*

The Eighth Circuit Court of Appeals has approved of the "total activity test" for determining a corporation's principal place of business. *Capitol Indem. Corp. v. Russelville Steel Co., Inc.*, 367 F.3d 831, 836 (8th Cir. 2004) (explaining that the "total activity test" is the "most appropriate and least limiting of the tests other circuits have applied"). The "total activity test" is a hybrid of two different tests used in different

circuits, namely the "nerve center" or "locus of operations" test, which considers the principal place of business to be the location of corporate decision-makers and overall control, and the "corporate activities" test, which considers the principal place of business to be the location of production and service activities. *Id*. at 835-36. The "total activity test" considers all corporate activities and "recognizes that the nature of a corporation's activities will impact the relative importance of production activities, service activities, and corporate decision making." *Id*. at 836.

There is no dispute that AJB is a Minnesota corporation with its principal place of business in Pequot Lakes, Minnesota. (Compl. ¶ 1.) Therefore, AJB is a Minnesota citizen for diversity of citizenship purposes. 28 U.S.C. §1332(c)(1). AJB asserts that Jerky Snack Brands is a Michigan corporation with its principal place of business in Minong, Wisconsin, and that therefore Jerky Snack Brands is diverse from AJB for jurisdictional purposes. Jerky Snack Brands acknowledges that it is incorporated in Michigan but asserts and has submitted evidence that its principal place of business is in Mankato, Minnesota. Specifically, Jose Augusto de Carvalho Jr., Jerky Snack Brands' Chief Executive Officer, testified in his declaration that 107 out of 110 employees, including Jerky Snack Brands' Chief Executive Officer, Chief Financial Officer, sales personnel, factory workers, and accounting department, work out of Jerky Snack Brands' facility in Mankato, Minnesota. (Decl. of Jose Augusto de Carvalho Jr. ("de Carvalho Jr.

3

Decl.") ¶ 4.) In addition, Jerky Snack Brands' only products, shelf-stable meat-snack products, are packaged, shipped, and paid for in the Mankato, Minnesota facility. (*Id*.)[1]

AJB contends that, at the time this lawsuit was filed on or around June 22, 2009, Jerky Snack Brands' principal place of business was in Minong, Wisconsin. In support, AJB relies primarily on the June 19, 2009 testimony of Jay Link, Jerky Snack Brands' former CEO, wherein Mr. Link stated that many of the corporate functions of Jerky Snack Brands occurred in the Minong, Wisconsin office. (Aff. of Thomas J. Hunziker ("Hunziker Dep.") ¶ 6, Ex. 4 at 5.) Jerky Snack Brands does not dispute that it has a Minong, Wisconsin office and that prior to June 15, 2009, that certain functions were conducted out of that office. Jerky Snack Brands has submitted evidence, however, that on June 15, 2009, it terminated Mr. Link's employment and named a new Chief Executive Officer.[2] On that same day, Jerky Snack Brands sent a letter to its customers and vendors indicating that Jerky Snack Brands would no longer be conducting business out of the Minong, Wisconsin office and that all correspondence should be directed to the Mankato, Minnesota facility.[3] (de Carvalho Jr. Decl. ¶ 12, Ex. A.)

---

[1] The record demonstrates that Jerky Snack Brands has office space in Minong, Wisconsin and a factory in Texas. (de Carvalho Jr. Decl. ¶ 7.) Jerky Snack Brands, however, is not actively conducting business out of the Minong, Wisconsin office and only uses the Texas factory for storage. (*Id*.)

[2] The Court notes that as of June 19, 2009, it appears that Mr. Link was not authorized to speak as a corporate representative of Jerky Snack Brands, given that his employment had been terminated.

[3] AJB also relies on the fact that on June 15, 2009, Jerky Snack Brands stated that its principal place of business was in Minong, Wisconsin, in a state court filing. Neither

(Footnote Continued on Next Page)

The record establishes that after June 15, 2009, Jerky Snack Brands' corporate operations were conducted from its Mankato, Minnesota facility and that to the extent that any corporate operations were occurring in Minong, Wisconsin, they were moved to Mankato, Minnesota, at that time. The record also establishes that Jerky Snack Brands' production facilities are and were prior to June 15, 2009, located in Mankato, Minnesota. Based on the evidence presented, the Court concludes that Jerky Snack Brands is a Minnesota citizen for diversity of citizenship purposes under the "total activity test." In particular, the Court concludes that as of the filing of this action, both Jerky Snack Brands' corporate headquarters and production facilities were located in Mankato, Minnesota. Because both Jerky Snack Brands and AJB are citizens of Minnesota, complete diversity does not exist and the Court lacks jurisdiction over this matter. Accordingly, the Court must dismiss the matter pursuant to Rule 12(b)(1) and 28 U.S.C. §1332.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

---

(Footnote Continued From Previous Page)
this fact nor the fact that Jerky Snack Brands at one time operated certain "front-office" functions out of an office in Minong, Wisconsin, have little bearing on the Court's analysis of Jerky Snack Brands actual corporate and production activities for purposes of determining its principal place of business. The "total activity test" requires the Court to analyze the corporate and production activities of Jerky Snack Brands as of the time of the filing of the relevant lawsuit.

1.	Jerky Snack Brands' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 9) is **GRANTED.**

2.	AJB's Complaint is **DISMISSED WITHOUT PREJUDICE**.

3.	This Order shall be stayed for one month to allow the parties to meet with Chief Magistrate Judge Raymond L. Erickson, who is available to assist in the negotiation of a settlement should the parties find such services to be helpful.  If the Court may be of assistance in this matter, the parties should contact Gina Olsen, Calendar Clerk for Judge Donovan Frank, at 651-848-1296, or Vicki Miller, Calendar Clerk for Chief Magistrate Judge Raymond L. Erickson, at 218-529-3520.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated:  November 10, 2009        s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge